# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

No.: 13-14907-CC
_____

CORSO PROPERTIES, LLC and NDWC INVESTMENT PROPERTY, INC.,

*Plaintiffs / Appellants,*

v.

BRANCH BANKING and TRUST COMPANY,

*Defendant / Appellee.*
_____

RESPONSE TO APPELLANTS' MOTION
TO SET ASIDE DISMISSAL AND REMEDY DEFAULT
_____

|  |  |
|---|---|
| | **PARKER, HUDSON, RAINER & DOBBS LLP** |
| | James S. Rankin, Jr. |
| | Georgia Bar No. 594620 |
| | Joshua J. Lewis |
| | Georgia Bar No. 303211 |
| | 285 Peachtree Center Avenue, #1500 |
| | Atlanta, Georgia 30303 |
| | (404) 523-5300 |
| January 27, 2014 | *Counsel for Appellee Branch Banking and Trust Company* |

3163773_1

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

11th CIRCUIT NO. 13-14907-CC

CORSO PROPERTIES, LLC, et al. v.
BRANCH BANKING AND TRUST COMPANY

_____

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure Rule 26-1 and Eleventh Circuit Rule 26-1, Branch Banking and Trust Company hereby certifies that the Certificate of Interested Persons and Corporate Disclosure Statement included in the *Joint Response of Appellants and Appellee to Jurisdictional Question* filed on December 2, 2013, remains complete.

Respectfully submitted this 27th day of January, 2014.

/s/ Joshua J. Lewis
Joshua J. Lewis
Georgia Bar No. 303211
Counsel for Appellee

3163773_1

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

11th CIRCUIT NO. 13-14907-CC

CORSO PROPERTIES, LLC, et al. v.
BRANCH BANKING AND TRUST COMPANY
_____

### RESPONSE TO APPELLANTS' MOTION TO SET ASIDE DISMISSAL AND REMEDY DEFAULT

Appellee Branch Banking and Trust Company ("**Appellee**") files this Response to the *Appellants' Motion to Set Aside Dismissal and Remedy Default* (the "**Motion**") filed by the Appellants Corso Properties, LLC and NDWC Investment Property, Inc. (the "**Appellants**") on January 17, 2014, stating as follows:

### Response

The Court dismissed this appeal on January 6, 2014, pursuant to 11th Cir. Rule 42-2(c), for want of prosecution based on the Appellants' failure to file an appendix within the time fixed by the rules of the Court.  Pursuant to their Motion, the Appellants seek to set aside the dismissal on the purported basis that they have now filed their appendix and  "11 Cir. R. 42-2(e) provides that an appeal may be reinstated upon the timely filing of a motion to set aside the dismissal and remedy the default *showing accompanied* by the required record excerpts."  (Response,

3163773\_1

¶ 8) (emphasis added). Appellants' paraphrasing of Rule 42-2(e) omits key language from the Rule that conditions the Court's willingness to set aside a dismissal of an appeal upon a showing of "extraordinary circumstances" justifying the default that resulted in dismissal. Further, Rule 42-2(e) provides that "[t]he timely filing of such a motion…and a showing of extraordinary circumstances, is the exclusive method of seeking to set aside a dismissal…." Appellants have offered no circumstances explaining their failure to timely file an appendix, let alone extraordinary ones. In essence, Appellants assert that they are entitled to set aside a dismissal as a matter of right, which is not the law. Accordingly, the Motion should be denied.

Federal Rule of Appellate Procedure 47 authorizes this Court to make and amend rules governing its practice. Fed. R. App. P. 47. The Supreme Court has recognized the authority of courts to adopt local rules that are deemed necessary by the courts to carry out the conduct of their business. *See Frazier v. Heebe*, 482 U.S. 641, 645 (1987). As this Court has recognized, "[p]ractioners must adhere to applicable local rules in order for those local rules to have effect and federal courts by enforcement will preserve the integrity of local rules, absent problems of a constitutional dimension." *Zaklama v. Mt. Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990).

In evaluating whether a local rule has been complied with in any particular case, the starting point is the language of the rule itself. *Id.* at 648. If a rule "clearly and unambiguously notifies a reasonably diligent attorney" that a particular action is required during a specified time, and the action is not completed during such time, the rules may appropriately establish consequences for the failure of the attorney. *Id*. at 648-649. In this case, 11th Cir. R. 30-1(c) clearly and unambiguously required the Appellants to file their appendix within seven (7) days after the filing of their brief. Furthermore, 11th Cir., R. 42-2(e) clearly and unambiguously states that a dismissal for failure to file an appendix may only be set aside based upon a showing of "extraordinary circumstances" justifying the failure. There is no question that the Appellants failed to timely file an appendix, and the Appellants have not even attempted to show that extraordinary circumstances prevented them from doing so. Therefore, based on the clear and unambiguous terms of the Local Rules of this Court, the Motion should be denied.

WHEREFORE, Appellee prays that the Court deny the Motion and grant such other relief as is appropriate under the circumstances.

Respectfully submitted, this 27th day of January, 2014.

**PARKER, HUDSON, RAINER & DOBBS LLP**
Attorneys for Plaintiff Branch Banking & Trust Company


By: /s/ *Joshua J. Lewis*
    James S. Rankin, Jr.
    Georgia Bar No. 594620
    Joshua J. Lewis
    Georgia Bar No. 303211

1500 Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303
(404) 523-5300
jrankin@phrd.com
jlewis@phrd.com

3163773_1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2014, I electronically filed the foregoing RESPONSE TO APPELLANTS' MOTION TO SET ASIDE DISMISSAL AND REMEDY DEFAULT with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

This 27th day of January, 2014.

>Respectfully submitted,
>
>PARKER HUDSON RAINER
>& DOBBS LLP
>
>/s/ Joshua J. Lewis
>Joshua J. Lewis
>Georgia Bar No. 303211
>Counsel for Appellee